**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUL 15 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

PRATUM FARM, LLC,

Plaintiff - Appellant,

v.

UNITED STATES DEPARTMENT OF
AGRICULTURE,

Defendant - Appellee.

No. 24-6160

D.C. No.
6:23-cv-01525-AA

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Oregon
Ann L. Aiken, District Judge, Presiding

Submitted July 11, 2025[**]
San Francisco, California

Before: H.A. THOMAS and DE ALBA, Circuit Judges, and RAKOFF, District
Judge.[***]

Pratum Farm, LLC ("Pratum") appeals the district court's order granting

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]   The Honorable Jed S. Rakoff, United States District Judge for the
Southern District of New York, sitting by designation.

summary judgment in favor of the United States Department of Agriculture ("USDA"). We have jurisdiction under 28 U.S.C. § 1291 and affirm.

To satisfy the requirements of Article III standing, "a plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016). The injury must be "'concrete,' meaning that it must be real and not abstract," *FDA v. All. for Hippocratic Med.*, 602 U.S. 367, 381 (2024), and "particularized," in that it "affect[s] 'the plaintiff in a personal and individual way,'" *id.* (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560, n.1 (1992)). At the summary judgment stage, the plaintiff must "set forth by affidavit or other evidence specific facts" to establish standing, "which for purposes of the summary judgment motion will be taken to be true." *Lujan*, 504 U.S. at 561 (internal quotation marks and citation omitted). We review de novo an order granting summary judgment. *Johnson v. Barr*, 79 F.4th 996, 999 (9th Cir. 2023).

1. Pratum fails to set forth specific facts to show injury-in-fact based on a theory of reputational damage to the USDA "organic" seal. Pratum does not have an ownership interest in the USDA seal, nor a greater right to use the seal than any other agricultural producer who complies with the certification requirements of the Organic Foods Production Act of 1990 ("the Act"), 7 U.S.C.

§§ 6501-6524. *See* 7 C.F.R. § 205.303(a)(4) (specifying that qualifying agricultural products "may display" the seal). Thus, any purported reputational damage to the seal does not affect Pratum in a "personal and individual way." *All. for Hippocratic Med.*, 602 U.S. at 381 (quoting *Lujan*, 504 U.S. 560 n.1). Moreover, Pratum failed to introduce any evidence that the challenged rule, *see National Organic Program (NOP); Strengthening Organic Enforcement*, 88 Fed. Reg. 3548-01 (Jan. 19, 2023) (codified at 7 C.F.R. §§ 205.2–205.681) (hereinafter, the "Rule"), in fact damaged the seal's goodwill. Pratum's assertion that the Rule misleads consumers by permitting agricultural producers to violate the requirements of the Act is insufficient. *See All for Hippocratic Med.*, 602 U.S. at 381 ("[A plaintiff] does not have standing to challenge a government regulation simply because the plaintiff believes that the government is acting illegally.").

2.  Pratum also fails to set forth specific facts to show that the Rule causes it competitive injury. Where, as here, the plaintiff "challenges the government's 'unlawful regulation (or lack of regulation) of *someone else*,'" rather than the government's regulation of the plaintiff, Article III standing is "'substantially more difficult to establish.'" *Id*. at 382 (quoting *Lujan*, 504 U.S. at 562). To show competitive injury, the plaintiff must show that the challenged regulation causes or is likely to cause the plaintiff "actual or imminent" economic injury, rather than a mere windfall for a competitor. *Id.* at 381; *see Already, LLC v.*

*Nike, Inc.*, 568 U.S. 85, 99 (2013) (rejecting "a boundless theory" of competitor standing where a plaintiff "is injured for Article III purposes whenever a competitor benefits from something allegedly unlawful").

Pratum fails to set forth specific facts showing that the Rule causes it actual or imminent economic injury. Pratum argues that the Rule reduces producer groups' production costs by enabling them to obtain organic certificates without a certified agent annually inspecting each individual member. But the Rule also imposes other requirements on producer groups, including establishing an internal control system to monitor and inspect individual members for compliance with the Act and USDA's implementing regulations. *See* 7 C.F.R. §§ 205.201(c), 205.400(g)(4), 205.403(a)(2). Pratum, therefore, fails to show that the Rule provides producer groups a competitive advantage that necessarily causes Pratum economic injury. To the extent Pratum argues that the Rule in fact enabled certain Turkish producer groups to sell organic hazelnut kernels at lower prices than Pratum, Pratum "relies on a highly attenuated chain of possibilities" insufficient to show its competitors' conduct was fairly traceable to the Rule. *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 410 (2013); *see All. for Hippocratic Med.*, 602 U.S. at 383 ("[P]laintiffs attempting to show causation generally cannot 'rely on speculation about the unfettered choices made by independent actors not before the courts'" (quoting *Clapper*, 568 U.S. at 415 n.5)).

**AFFIRMED.**